[S. F. No. 15323. In Bank.—August 1, 1935.]

JULES GINDRAUX et al., Appellants, v. MAURICE MERCANTILE CO. (a Corporation), Respondent.

Glensor, Clewe, Schofield & Van Dine for Appellants.

Joseph E. Bien and Werner Olds for Respondent.

WASTE, C. J.—The plaintiffs brought this action for damages suffered as the alleged result of eating salami purchased from the defendant which it was claimed was infected with trichina. The defendant's motion for judgment notwithstanding the verdict was granted on the ground that the verdict was contrary to the evidence, and that there was no law in this state to sustain the verdict. Motion of plaintiffs for a new trial was denied.

The undisputed evidence is that the salami was bought by defendant from Armour & Co., the producer, in a sealed package, and was sold to plaintiffs by the slicing of a portion off the end of this sealed package. The defendant's place of business was kept in sanitary condition. A report made by government inspectors immediately prior to the sale showed full compliance with all sanitary rules and requirements. There is no direct testimony which shows that the salami was actually infected. There is evidence which shows that the product, as manufactured and received by the defendant, was accompanied by a certificate of inspection by the United States government. As we read the record, we find no evidence tending to show that the defendant was guilty of any negligence. Its liability, therefore, if any, rests upon an implied warranty. (*Farrell* v. *Manhattan Market Co.*, 198 Mass. 271, 286 [84 N. E. 481, 126 Am. St. Rep. 436, 15 Ann. Cas. 1076, 15 L. R. A. (N. S.) 884].)

■ The sale of the salami was made in the ordinary course of trade and business by a dealer in foodstuffs to the plaintiff for human consumption. The defendant therefore knew by implication the particular purpose for which the salami was required. From that fact, there arose an implied warranty that the commodity was reasonably fit for such purpose. (Civ. Code, sec. 1735, subd. 1; *Consolidated Pipe Co.* v. *Gunn*, 140 Cal. App. 412, 415 [35 Pac. (2d) 350].) The law is the same in other states. (See *Ryan* v. *Progressive Grocery Stores*, 255 N. Y. 388 [175 N. E. 105, 74 A. L. R. 339]; *Ireland* v. *Liggett Co.*, 243 Mass. 243 [137 N. E. 371].) The rule has been held applicable to sales of canned goods. (*Griffin* v. *Butler Grocery Co.*, 108 N. J. L. 92 [156 Atl. 636].) Of like import was section 1775 of the Civil Code, in effect when the sale was made. It provided that one who made a business of selling provisions for domestic use warranted, by a sale thereof, to one who bought for actual consumption, that the provisions were good and wholesome.

■ For two reasons we are not impressed with the suggestion that this is a "sealed package" case. Neither the facts nor the law renders the contention applicable here. The particular sale to plaintiffs was of a piece of the salami sliced off the end of the whole. If it were a "sealed package" case, it would still be within the rule of warranty of fitness and merchantability. The opinion by Mr. Justice Cardozo in the Ryan case, *supra*, and the other authorities here cited, sufficiently establish that as the law. In a New York case the court said: "We think that the mere purchase by a customer from a retail dealer in foods of an article ordinarily used for human consumption does by implication make known to the vendor the purpose for which the article is required. Such a transaction standing by itself permits no contrary inferences." (*Rinaldi* v. *Mohican Co.*, 225 N. Y. 70, 73 [121 N. E. 471].) For supplemental authorities, see 1 Williston on Sales, 2d ed., p. 482, par. 242a, and 1 Uniform Laws Ann. (Sales Act), p. 118. ■ The right of the plaintiffs to sue the defendant is clearly established by the rules of implied liability fixed by the code and the decisions cited.

■ There remains the question of the correctness of the action of the trial judge in granting the motion for judgment *non obstante veredicto*. It is the accepted doctrine in this

jurisdiction that "the right of a court to direct a verdict is, touching the condition of the evidence, absolutely the same as the right of the court to grant a nonsuit." (*Newson* v. *Hawley,* 205 Cal. 188, 190 [270 Pac. 364] ; *Hunt* v. *United Bank & Trust Co.,* 210 Cal. 108, 120 [291 Pac. 184].) There is evidence from which it appears that the salami was properly manufactured and processed according to federal regulations. When so treated, the evidence shows that live trichina germs are destroyed, and cannot again appear in the prepared product. In this case the salami was duly inspected and certified by governmental authorities. The premises where the product was sold were clean and in all respects sanitary, meeting all requirements in that regard. But against the rather persuasive force of this evidence, the testimony of the plaintiffs must be considered. The evidence in support of plaintiffs' case puts in the record the fact that plaintiffs became infected with trichinosis within ten days after purchasing the salami ; that they had eaten no pork for a considerable time prior thereto ; and the testimony of Dr. Monteith and Dr. Alexander that the symptoms of infection from that disease usually appear in from six to ten days, and that the only possible source of the disease is infected pork. This evidence gives rise to an inference of fact. In countless cases such inference has been deemed sufficient to go to the jury.

The judgment must therefore be, and is, reversed.

Langdon, J., Preston, J., and Seawell, J., concurred.

Rehearing denied.