### JAN REE FROCKS, INC., Appellant, v. PRED, et al, Respondents

(2 N. W.2d 696.)

(File No. 8461. Opinion filed February 28, 1942.)

B. A. **Walton,** of Aberdeen, and **Hanten, Hanten & Henrikson,** of Wątertown, for Appellant.

Perry **F. Loucks** and **Alan L. Austin,** both of Watertown, for Respondents.

ROBERTS, J. The complaint alleges a cause of action for the value and the balance of the agreed price of merchandise sold and delivered to defendants. The purchase and delivery are admitted. The answer alleges that the merchandise consisting of twenty-five dresses was purchased at the agreed price of $315.17 and of this amount defendants have paid $65.17; that the dresses did not conform to samples exhibited by a salesman employed by plaintiff and were not of a "style and class of workmanship which made said merchandise saleable"; that the defendants were never able to dispose of more than five of the dresses; that defendants returned to plaintiff eleven of the dresses and tendered by their answer a return of the number in their possession; and that the merchandise because of the alleged defects was of no value to defendants.

Plaintiff was a manufacturer and defendants were retailers of women's wearing apparel. The court found that the merchandise was purchased by defendants from a salesman, representing the plaintiff, who exhibited samples of the dresses and materials and described the merchandise; that defendants received five of the dresses from the salesman on October 6, 1938, and delivery of the remaining number on October 20 and November 2, 1938; that there was a breach of implied warranty of merchantability; that the dresses, with the exception of the number sold by defendants, would not fit and could not be made to fit by alteration any of the customers of the defendants; that defendants were not able to determine immediately upon delivery of the merchandise whether or not the same was merchantable; and that it required several months in which to determine the fact of unmerchantability. Judgment was rendered for defendants and plaintiff has appealed.

■■ Defendants contend that under SDC 54.0115(2), which provides that "where the goods are bought by description from a seller who deals in goods of that description, whether he be the grower or manufacturer or not, there is an implied warranty that the goods shall be of merchantable quality", there was an implied warranty that the

dresses were free from any defects that would render them unmerchantable. Under the provisions of the Uniform Sales Act a purchaser is deemed to have accepted goods, when, after the lapse of a reasonable time, he retains them without intimating that he has rejected them. SDC 54.0148. Acceptance of goods, however, does not discharge the seller from liability in damages or other remedy for breach of the contract, unless the buyer fails to give notice to the seller of the breach within a reasonable time after he knows or ought to know of it. SDC 54.0149. The purchaser has neither a right of action for the breach of a promise or warranty nor a defense for the purchase price, unless the required notice has been given. Williston on Sales, 2d Ed., § 484a; Trimount Lumber Co. v. Murdough, 229 Mass. 254, 118 N. E. 280; Bloch et al. v. Eastern Mach. Screw Corporation, 6 Cir., 281 F. 777; Marsh Wood Products Co. v. Babcock & Wilcox Company et al., 207 Wis. 209, 240 N. W. 392. The giving of such notice must be pleaded and proved by the purchaser seeking to recover or defend for the breach of warranty. W. S. Maxwell Co. v. Southern Oregon Gas Corporation, 158 Or. 168, 74 P.2d 594, 75 P.2d 9, 114 A. L. R. 697; Truslow & Fulle, Inc., v. Diamond Bottling Corporation, 112 Conn. 181, 151 A. 492, 71 A. L. R. 1142.

██ We think that plaintiff is correct in the contention that there is a discrepancy between the defense alleged and the basis of the judgment and the present claim of defendants. They have not alleged in their answer sufficient facts to entitle them to recoup damages arising out of a breach of warranty, and have in effect pleaded a failure of consideration. If this ground of objection could have been removed by amendment, we do not think that the findings sustain the judgment. It may be inferred from the findings that defendants retained the merchandise in their possession from the time of the last delivery on November 2, 1938, to the time of the commencement of the action on August 28, 1939. A buyer cannot act until he discovers that there has been a breach of an implied warranty, and the time for giving notice commences to run when the buyer

knows or ought to know of the breach. The court found that it required several months to determine the existence of the defects in the merchandise, but made no finding with reference to giving of notice after learning of the defects. Conceding that it may have required time within which to determine the unmerchantable condition of the merchandise purchased by defendants, we think that this would excuse or justify delay, but not the giving of notice within a reasonable time after they discovered the defects.

Whether a notice of breach of warranty has been given is usually a question of fact. Where, however, the circumstances are such as lead to only one reasonable conclusion, the question is one of law. Annotation, 71 A. L. R. 1149. Because the question is not presented by an assignment of error, we do not determine whether it conclusively appears from the evidence that defendants did not give notice within a reasonable time.

The judgment appealed from is reversed.

All the Judges concur.