JAMES DeLUCIA *v.* COCA-COLA BOTTLING COMPANY
OF CONNECTICUT

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, JS.

Argued May 8—decided June 10, 1952

*William T. Holleran,* for the appellant (defend-
ant).

*Albert W. Cretella, Jr.,* with whom, on the brief,
was *Albert W. Cretella,* for the appellee (plaintiff).

O'SULLIVAN, J.   The plaintiff became ill after
drinking Coca-Cola.  He sued the defendant corpora-
tion, which had packaged and sold the beverage.  The
complaint alleged two causes of action, one grounded

in negligence, the other in breach of contract. The court decided for the defendant on the former and for the plaintiff on the latter. The defendant has appealed.

The court found that the defendant sold the plaintiff a bottle of Coca-Cola in its original package. While drinking out of the bottle, the plaintiff discovered that it contained a partially decayed grasshopper. He was immediately subjected to nausea and his stomach remained upset for several weeks. The defendant does not dispute the foregoing facts. It concedes that it impliedly warranted the fitness of the beverage for human consumption. It admits, for the limited purpose of this appeal, that the warranty was breached. The only contention advanced is that it was not notified of the breach. Its claim is that in the absence of such notice the plaintiff was not entitled to recover.

In addition to the facts recited above, the court found that the plaintiff notified the defendant of the presence of the dead insect in the bottle and of his ensuing sickness. This specific finding of notice has been attacked by the defendant on the ground that it has no support in the evidence. The plaintiff, in an attempt to justify the finding, relies upon several answers made by himself while under examination by his own counsel. Objection to the questions which elicited these answers had been seasonably raised by the defendant. The ground of objection was that the answers were inadmissible until it had first been established that he to whom notice was claimed to have been given was an agent of the defendant. The court, however, permitted the line of inquiry to be pursued, after reserving to the defendant the privilege of moving to strike should the plaintiff subsequently fail to prove agency. At

the conclusion of the plaintiff's case, when it developed that such agency had not been established, the court, at the defendant's request, struck the answers. This left the transcript devoid of any evidence which either directly or inferentially related to the giving of notice. That the answers appear in the printed record is of no significance. Since they were stricken, they are no part of the evidence and may not be used to support the action of the court. The finding must be corrected by eliminating the facts concerning notice.

The warranty, which the defendant concedes it impliedly gave, attached to the purchase of the beverage by virtue of the Sales Act. General Statutes § 6630. A section of that act provides, in part, that "if, after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any . . . warranty within a reasonable time after the buyer knows or ought to know of such breach, the seller shall not be liable therefor." § 6664. This section sets up a condition precedent to a buyer's right to recover. 3 Williston, Sales (Rev. Ed.) p. 39. The buyer must plead and prove the giving of notice. *Truslow & Fulle, Inc.* v. *Diamond Bottling Corporation,* 112 Conn. 181, 186, 151 A. 492; *Monroe Auto Equipment Co.* v. *Bloom,* 326 Mass. 65, 67, 93 N.E. 2d 231; *W. S. Maxwell Co.* v. *Southern Oregon Gas Corporation,* 158 Ore. 168, 175, 75 P.2d 9. In the case at bar, notice of the breach was neither pleaded nor proven. The court erred in rendering judgment for the plaintiff.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.