[L. A. No. 22924. In Bank. July 2, 1954.]

DOROTHY VOGEL, Appellant, v. THRIFTY DRUG COM-
PANY (a Corporation), Respondent.

Kenny & Morris and Eleanor V. Jackson for Appellant.

Moss, Lyon & Dunn, Sidney A. Moss and Henry F. Walker for Respondent.

SCHAUER, J.—Plaintiff appeals from a judgment entered on a jury verdict in her action, based on alleged negligence, to recover for personal injuries assertedly resulting from glass she claims was present in an ice cream soda served to her by defendant drug company. As sole grounds for reversal, she contends that the trial court erred (1) in refusing to permit her to file an "amendment to [amended] complaint" setting forth a separate count aimed towards alleging a cause of action based upon breach of an implied warranty asserted to arise under the Uniform Sales Act (Civ. Code, § 1735, subd. (1)), and (2) in refusing to submit the issue of breach of the implied warranty to the jury. It appears, however, that (1) the proffered amendment fails to allege one of the elements essential to recovery upon such a warranty, viz., the giving of the notice of breach thereof which is required by section 1769 of the Civil Code and that (2) the requested and refused instructions were not relevant to any issue raised by the pleadings on which the cause was tried. We conclude, therefore, and for the other reasons hereinafter stated, that the trial court is not shown to have erred in respect to either of the matters complained of and that the judgment must be affirmed.

In the original complaint, filed May 23, 1951, plaintiff alleged that on December 15, 1950, she purchased from defendant, paid for, and was served a dish of ice cream; that defendant "so negligently and carelessly served and delivered to Plaintiff said ice cream that said ice cream contained a piece or pieces of glass. That by virtue of . . . [such] negligence, as aforesaid, Plaintiff, while eating the afore-

mentioned ice cream did also eat the said pieces or piece of glass'' by reason of which she sustained injuries consisting of cut and lacerated mouth and lips and internal cuts and lacerations. The only other allegations[1] of the complaint were of plaintiff's general and special damages. Thereafter, on August 16, 1951, plaintiff filed an amended complaint in all respects identical to her original complaint except that the sums alleged and prayed for as damages were increased, and it was stated that plaintiff purchased and was served an ice cream soda rather than a dish of ice cream. Such amended complaint, like the original, pleads a cause of action grounded only in negligence and avers that ''as a direct and proximate result of said defendants' negligence, plaintiff sustained the . . . injuries'' for which she seeks compensation.

The cause appears to have been calendared to go to trial on April 30, 1952, and on that day plaintiff served defendant with a copy of a proposed amendment to her amended complaint. On the following day, when the case was actually called for trial, plaintiff moved for permission to file the amendment. Defendant objected and after arguments the motion was denied. It is in the making of this order that plaintiff asserts the trial court primarily erred. The question before us is not whether we would affirm if the trial court had granted the motion but whether we can hold, on the record as presented to us, that as a matter of law the trial court abused its discretion.

By the amendment plaintiff sought to add to the complaint a separate count intended to plead a new cause of action based on the theory of breach of an implied warranty of fitness, upon which she relied in eating the ice cream. Such proposed amendment alleges that ''defendants served and delivered to plaintiff said ice cream which contained a piece or pieces of glass . . . That defendants in so serving plaintiff . . . warranted the same to be in all respects proper for the purpose of eating, chewing and swallowing . . . That plaintiff relied upon such implied warranty of fitness in eating said ice cream . . . and as a proximate result of defendant's permitting said glass to be in said ice cream, plaintiff sustained the . . . injuries'' enumerated. The pleading contains neither a direct allegation, nor does it aver facts from which an inference can be drawn, that the notice required by section 1769 of the Civil Code was given.

---

[1]Except for an allegation concerning fictitiously named defendants, as to whom the action was dismissed when the case was called for trial.

After plaintiff's motion to file the proposed amendment was denied the case proceeded to trial upon the first amended complaint and defendant's answer thereto. Plaintiff offered three instructions based on the theory of implied warranty, which the court refused.

■ It is settled in this state that the implied warranty of fitness imposed by subdivision (1) of section 1735 of the Civil Code applies to the sale of food of the type and under the circumstances here involved. (*Mix* v. *Ingersoll Candy Co.* (1936), 6 Cal.2d 674, 676, 680-681 [59 P.2d 144]; *Goetten* v. *Owl Drug Co.* (1936), 6 Cal.2d 683, 687 [59 P.2d 142]; see also *Gindraux* v. *Maurice Mercantile Co.* (1935), 4 Cal.2d 206, 208 [47 P.2d 708]; *Klein* v. *Duchess Sandwich Co., Ltd.* (1939); 14 Cal.2d 272, 276 [93 P.2d 799]; *Whitfield* v. *Jessup* (1948), 31 Cal.2d 826, 828-829 [193 P.2d 1].) Plaintiff urges that she should have been permitted to file her proposed amendment to separately state the implied warranty theory, and that in any event all of the facts necessary to support a recovery upon that theory as well as upon the theory of negligence were set forth in the amended complaint upon which trial was had and that she was therefore entitled to have the warranty theory submitted to the jury. ■ But in making this argument plaintiff overlooks an element essential to stating a cause of action for breach of the implied warranty, i.e., an allegation that plaintiff gave notice of the breach to the defendant within a reasonable time.

Section 1769 of the Civil Code provides that ''In the absence of express or implied agreement of the parties, acceptance of the goods by the buyer shall not discharge the seller from liability in damages or other legal remedy for breach of any promise or warranty in the contract to sell or the sale. But, if, after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows or ought to know of such breach, the seller shall not be liable therefor.'' This court has specifically held that the quoted section applies ''to goods sold for immediate human consumption.'' ■ As enunciated by Mr. Justice Carter in *Whitfield* v. *Jessup* (1948), *supra*, 31 Cal.2d 826, 828, ''The rule stated by the section is the same as that stated in the American Law Institute's Restatement (Rest. Contracts, § 412) and probably the rule prevailing in California before the code section was added in 1931 (see, cases cited 22 Cal.Jur. 983-988). It is the identical language of the Uniform Sales

Act (Uniform Laws Annotated, Sales, § 49). One of the purposes of the provision in the Uniform Sales Act was to ameliorate the harshness of the common law rule in some states that the mere acceptance by or passage of title to the buyer of the goods constituted a waiver of any and all remedies for breach of warranty, and at the same time to give the seller some protection against stale claims by requiring notice. . . . The sales act on its face clearly applies to the sale of food . . . for immediate human use or consumption. . . . In determining that there is an implied warranty that the food is fit for human consumption under the statutes dealing with the law of the sales of goods, it is accepted that the sale of food for immediate human consumption is a sale of goods under the statute.'' ▇ It further appears that ''The clear and practically unbroken current of authority establishes the doctrine that the requirement of notice, to be given by the vendee charging breach of warranty is imposed as a condition precedent to the right to recover, and the giving of notice must be pleaded and proved by the party seeking to recover for such breach. [Citations.]'' (*W. S. Maxwell Co.* v. *Southern Oregon Gas Corp.* (1937), 158 Ore. 168 [74 P.2d 594, 597, 114 A.L.R. 697] ; see also, for other statements of the rule, *DeLucia* v. *Coca-Cola Bottling Co. of Connecticut* (1952), 139 Conn. 65 [89 A.2d 749, 750], ''The buyer must plead and prove the giving of notice''; *Jan Ree Frocks, Inc.* v. *Pred* (1942), 68 S.D. 356 [2 N.W.2d 696, 697], ''The giving of such notice must be pleaded and proved by the purchaser seeking to recover or defend for the breach of warranty''; 77 C.J.S. 1276, ''Where the buyer must give notice of the breach of warranty, his plea or answer setting up a breach of warranty must allege the giving of the necessary notice within the proper time, or a waiver thereof by the seller. The giving of notice must be pleaded clearly and without ambiguity . . .''; 46 Am.Jur. 439, '' [T]he burden is upon the one claiming the breach of warranty to plead and prove notice within a reasonable time''; see also *Bailey Trading Co.* v. *Levy* (1925), 72 Cal.App. 339, 345 [237 P. 408].)

▇ It is a basic rule of pleading in this state that amendments shall be liberally allowed so that all issues material to the just and complete disposition of a cause may be expeditiously litigated, but ''the question whether the filing of an amended pleading should be allowed at the time of trial is ordinarily committed to the sound discretion of the trial court.'' (*Moss Estate Co.* v. *Adler* (1953), 41 Cal.2d 581, 585 [261 P.2d 732].) In the Moss Estate case, twelve days

before the trial date and more than a year after the original answer was filed, the defendant served notice of motion for leave to file an amended answer alleging a new defense based on different facts; no excuse for the delay was given; the trial court denied the motion and we affirmed. Here, the original complaint, based on the theory of negligence, was filed May 23, 1951, an amended complaint based on the same theory was filed August 16, 1951, and it was not until May 1, 1952, the day of trial, that the motion to file the amendment aimed at introducing a cause of action based on breach of warranty was presented to the court. The record shows no excuse for the tardiness in proposing the new cause of action which, though arising from the same transaction, would inject new issues of law and fact, and, more important still, as hereinabove pointed out the proffered amendment was defective in not pleading an essential element of the new theory of liability. Under such circumstances we cannot hold that the trial court abused its discretion in denying plaintiff's motion.

Plaintiff also suggests that the evidence subsequently adduced would support a finding and conclusion that at the time of the alleged occurrence she called defendant's attention to facts which could be construed as constituting compliance with the notice requirement of section 1769. But, obviously, this evidence was not before the court at the time it ruled on plaintiff's motion, the asserted facts as to the giving of notice were not incorporated in the proposed amendment, and the record discloses no request for permission to amend to conform to the proof.

 With respect to the trial on the merits of the issues presented by plaintiff's amended complaint on the theory of negligence and the answer thereto, there was substantially conflicting evidence which the jury resolved against plaintiff. Upon the issues so presented the trial court did not err in refusing to give the requested instructions relevant to the theory of breach of implied warranty. No other error is claimed or appears as to those issues.

For the reasons above stated, the judgment is affirmed.

Shenk, Acting C. J., Edmonds, J., Carter, J., Traynor, J., Spence, J., and Bray, J. pro tem.,* concurred.

Appellant's petition for a rehearing was denied July 28, 1954.

*Assigned by Chairman of Judicial Council.