Iva HAMPTON, Appellant,

v.

GEBHARDT'S CHILI POWDER CO. et al., Appellees.

No. 17260.

United States Court of Appeals
Ninth Circuit.

July 7, 1961.

Rehearing Denied Aug. 9, 1961.

Spurr & Brunner, W. H. Brunner, Ukiah, Cal., for appellant.

Hadsell, Murman & Bishop, Sydney P. Murman, Nelson C. Barry, San Francisco, Cal., for appellees.

Before HAMLIN, JERTBERG and MERRILL, Circuit Judges.

MERRILL, Circuit Judge.

This diversity action arising in California presents a question of California law in the area of products liability.

■ California (through the Uniform Sales Act) requires that before one may hold a manufacturer or retailer liable, notice of breach of warranty must be given within a reasonable time after discovery of the defect in the product sold.[1] The question here presented is whether notice must precede commencement of suit or whether it is sufficient if, as here, it is given prior to the filing of a supplemental complaint so long as otherwise

1. California Civil Code, § 1769: "Acceptance does not bar action for damages. In the absence of express or implied agreement of the parties, acceptance of the goods by the buyer shall not discharge the seller from liability in damages or other legal remedy for breach of any promise or warranty in the contract to sell or the sale. But, if, after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know of such breach, the seller shall not be liable therefor."

given within a reasonable period of time. The district court in its construction of California authorities ruled that notice must precede filing of the original complaint. Judgment was rendered in favor of the defendants and the plaintiff has appealed. We have concluded that the district court was in error.

Appellant is a housewife residing in Ukiah, Mendocino County, California. On November 16, 1957, she purchased a can of chili powder manufactured by appellee, Gebhardt's Chili Powder Company. The purchase was made at a Ukiah store, which was one of a chain of retail stores owned and operated by appellee, Safeway Stores, Inc. The chili powder contained powdered glass. Upon consuming the product, appellant sustained the injuries for which she here brings suit.

In February, 1958, her attorney called at Safeway's Ukiah store, reported the fact of appellant's injury and secured the address of Safeway's home office. There was dispute as to whether this conversation was sufficiently explicit to constitute notice of breach of warranty and the district court ruled that it was not.

Suit was commenced on March 14, 1958, in the Superior Court for the County of Mendocino, and thereafter by motion of Gebhardt was removed to the United States District Court for the Northern District of California upon the ground of diversity of citizenship. The complaint in separate counts alleged negligence and breach of warranty.[2] It did not allege the giving of notice of breach.

In April, 1958, appellant's attorney wrote to Gebhardt in Texas, advising of the fact of suit and inquiring whether a voluntary appearance would be made. A copy of the complaint was enclosed. In July, 1958, by letter, appellant's attorney notified Safeway of appellant's claims. On October 27, 1958, an amended and supplemental complaint was filed alleging the giving of notice of breach of warranty.

It is not contended by appellees that notice given in April or July, 1958, was as a matter of law beyond a reasonable period of time. No finding was made upon this point. It is contended that notice must be given prior to bringing suit and that the failure to do so cannot be cured by the filing of a supplemental complaint after notice was in fact given. The district court found as to both appellees that notice was "given after the filing of the complaint and therefore untimely."

In Vogel v. Thrifty Drug Company, 1954, 43 Cal.2d 184, 272 P.2d 1, a case involving powdered glass in an ice cream soda, suit was brought upon the ground of negligence. On the day of trial approximately one year after commencement of suit and a year and a half after the injuries had been sustained, plaintiff, without earlier giving of notice, sought

2. Under California law privity of contract is not essential to a recovery in breach of warranty in such a case as this. In Klein v. Duchess Sandwich Company, 1939, 14 Cal.2d 272, 93 P.2d 799, 804, it is stated: "In adopting the statute here concerned as a part of the Uniform Sales Act, it was the clear intent of the legislature that, with respect to foodstuffs, the implied warranty provision therein contained should inure to the benefit of any ultimate purchaser or consumer of food; and that it was not intended that a strict 'privity of contract' would be essential for the bringing of an action by such ultimate consumer for an asserted breach of the implied warranty.

"Although authorities to the contrary of the conclusion herein reached have imposed a strict privity of contract on a purchaser or consumer of assertedly unwholesome food as an essential requisite for the bringing of an action on the implied warranty theory, nevertheless, the rulings made in the authorities herein cited are based on sound principles,—affording as they do an adequate remedy for injuries which may result from the eating of unwholesome food by an ultimate consumer who, under modern economic conditions, almost of necessity, must purchase many items of food prepared in original packages by the manufacturer and intended for the consuming public, although marketed through an intermediate dealer."

to introduce the issue of breach of warranty by amended complaint. The motion to amend was denied upon the ground that reasonable notice had not been alleged in the proposed amendment. The Supreme Court affirmed. Quoting from an earlier opinion the court at 272 P.2d 3 stated that the purpose of the section was "to ameliorate the harshness of the common law rule in some states that the mere acceptance by or passage of title to the buyer of the goods constituted a waiver of any and all remedies for breach of warranty, and at the same time to give the seller some protection against stale claims by requiring notice."

Arata v. Tonegato, 1957, 152 Cal.App. 2d 837, 314 P.2d 130, involved injuries resulting from application of a hair tinting preparation. Suit was brought on grounds of negligence and breach of warranty. No notice of breach of warranty was alleged nor did it appear from the proof introduced on trial that any notice had been given. Nonsuit was granted on the issue of breach of warranty and the jury found for the defendants on the negligence issue. The District Court of Appeal affirmed, stating, 314 P.2d 130, 133:

"Appellant's contention that the filing of the complaint was sufficient notice of the breach of warranty is not sound. Even assuming that the approximately eleven month period elapsing before the suit was filed was not an unreasonable time, the filing of the suit cannot constitute notice.

"In Vogel v. Thrifty Drug Co., 43 Cal.2d 184, 272 P.2d 1, the court held that notice must be *pleaded* and proved. The fact that the giving of notice must be pleaded obviously requires that it be given before filing suit."

It is upon this language and, in particular, upon the final sentence of the quotation, that appellees rely. In our view, this language must in all fairness be read in the light of the facts of the Arata case and cannot, without becoming a non sequitur, be taken literally to apply to the facts before us. Here it is demonstrated that the fact that notice must be pleaded does not require that it be given before filing of suit. It requires only that it be given before the filing of the pleading in which it is alleged and independent of that pleading.

To apply the literal language of the Arata opinion to the facts of this case would be to extend that holding and to extend it counter to the apparent trend toward liberality in allowing recoveries in such cases as this.[3] In our view, this would not constitute a reasonable construction of California law in this area.

We conclude that notice otherwise given within a reasonable period of time can under California law follow commencement of suit provided it is subsequently and properly pleaded.[4]

As we have heretofore noted, suit was also brought upon the ground of negligence. Following trial to the court it found no negligence. Upon this appeal the plaintiff contends that this finding was clearly erroneous and that she is entitled to recovery not only upon the ground of breach of warranty but upon the ground of negligence as well.

From the factual showing made by the appellees we are satisfied that an area of dispute resulted within which reasonable minds might well differ. We cannot say that the findings of the district court in resolving this dispute were clearly erroneous.

Upon the negligence claims the district court is affirmed.

Upon the claim of breach of warranty judgment is reversed and the matter remanded for new trial.

3. See, e. g., quotation from Klein v. Duchess Sandwich Company, supra footnote 2.

4. Appellees did not oppose the filing of the supplemental complaint and have not challenged it as a permissible vehicle for the pleading of a condition precedent to suit.