RUTH RUDERMAN ET AL. *v.* WARNER-LAMBERT PHARMACEUTICAL COMPANY

COURT OF COMMON PLEAS     FAIRFIELD COUNTY     FILE No. 77476
AT BRIDGEPORT

Memorandum filed June 22, 1962

*Lee B. Brooks*, of Danbury, for the plaintiffs.

*Goldstein & Peck,* of Bridgeport, for the defendant.

LUGG, J. The first count of the complaint herein, as amended, alleges a cause of action against the manufacturer of a home permanent preparation. In language apparently inspired by the recent opinion in *Hamon* v. *Digliani,* 148 Conn. 710 (1961), the named plaintiff claims that in purchasing and using this product she relied upon representations and warranties made by the defendant through various advertising media. Her damages, she avers, spring from the falsity of those claims.

This demurrer asserts the failure of that count to allege that notice of the claimed breach of warranties was given to the defendant manufacturer. It is based upon § 42-49 of the General Statutes (now repealed), the pertinent language of which follows: ". . . if, after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows or ought to know of such breach, the seller shall not be liable therefor." This language is the same as the equivalent portion of § 49 of the Uniform Sales Act. See 1A U.L.A. § 49.

While the amended first count does not set forth who the seller was, it appears in the plaintiffs' more specific statement dated 26 September 1960 that it was one other than the defendant manufacturer, to wit, the South End Market in Danbury. Although this pleading was part of the first count to which a previous demurrer was sustained and for which the new first count is now substituted, it stands in the file as a judicial admission. *Cramer* v. *Kolodney & Meyers, Inc.,* 129 Conn. 468, 472 (1942).

The statute requires, in terms, that the notice be given to the seller. The demurrer is based upon the

absence from the pleading of any notice to the defendant manufacturer, who as pointed out, is not the seller. While it is true that a complaint is defective if it does not allege the giving of notice of a breach of warranty to the seller; *Silverman* v. *Swift & Co.*, 141 Conn. 450, 452 (1954); *DeLucia* v. *Coca-Cola Bottling Co.*, 139 Conn. 65, 67 (1952); there appears no Connecticut case in which the seller himself was not the party held entitled to the notice. This is undoubtedly the result of the requirement of privity of contract only so recently defunct in this state. *Hamon* v. *Digliani*, supra. The demurrer hence asks this court to extend the statutory requirement of notice beyond its terms and for the benefit of a class of defendants not previously within the reach of this type of lawsuit. The initial reaction is against such an extension, which would be, in effect, exercising a legislative prerogative. There is, however, some authority for such a claim.

California, which has the identical statutory provision here in issue, requires that before one may hold the manufacturer liable, notice of breach of warranty must be given as therein provided. *Hampton* v. *Gebhardt's Chili Powder Co.*, 294 F.2d 172 (1961) (9th Cir.). However, that state has determined that in its original adoption of the Uniform Sales Act, it was the intent of the legislature that the doctrine of privity of contract should not apply. *Klein* v. *Duchess Sandwich Co.*, 14 Cal. 2d 272, 283 (1939). We do not find this reasoning determinative here. The rule of privity of contract "has existed in this state at least since *Welshausen* v. *Charles Parker Co.*, 83 Conn. 231 . . . [1910]." *Hamon* v. *Digliani*, supra, 712. It has only now been abrogated to the extent noted in the latter opinion. The folly of attempting to discuss legislative intent in the face of this chronology is apparent.

Far more persuasive authority for a contrary holding occurs in *LaHue* v. *Coca Cola Bottling, Inc.,* 50 Wash. 2d 645 (1957). The facts involved posed an issue identical with the present one. The plaintiff husband purchased a sealed bottle of Coca Cola from one Rapuzzi, the owner of the Joy House Tavern. He took it home to his wife, who opened and sipped it, suffering the consequent damages alleged. No notice of breach of warranty was given to the sole defendant, Coca Cola Bottling, Inc., the manufacturer. "It must be borne in mind that there is no privity of contract between the parties to this action. This is not an action by a *buyer* against a *seller*. It is an action by a consumer against the manufacturer of a bottled beverage for breach of implied warranty of the wholesomeness of its product, which product was purchased by the consumer from a retailer. RCW 63.04.500 [§ 49 of the Uniform Sales Act] does not apply." *LaHue* v. *Coca Cola Bottling, Inc.,* supra, 647. This case was cited with approval, although not decisively on the instant issue, in *Chapman* v. *Brown,* 198 F. Sup. 78, 85 (1961).

The plaintiffs here further argue that the warranties they sue on are common-law warranties and not warranties subject to the Sales Act. The point is valid. "These cases, and others of similar import, rely on the original concept of an action for breach of warranty, that is, that it sounds in tort and is based on the plaintiff's reliance on deceitful appearances or representations rather than on a promise." *Hamon* v. *Digliani,* supra, 716. "The liability of a manufacturer in a case such as this forms an exception to the general rule of non-liability of a manufacturer to a remote vendee, and arises upon principles of tort. The implied warranty of the wholesomeness of food or beverages in original packages placed on sale, whenever it exists at

all, arises as an implication of the common law. The liability does not rest so much upon an implied contract as upon a violation of a duty to members of the general public to prevent them from suffering injury as a result of the wrongful manufacture or distribution of any particular article or articles. See *Mazetti* v. *Armour & Co.*, 75 Wash. 622." *LaHue* v. *Coca Cola Bottling, Inc.*, supra. At common law an implied warranty would survive acceptance of a product containing a latent defect. *Specialties Service & Engineering Co.* v. *Kamen Soap Products Co.*, 94 N.Y.S.2d 542, 545 (1949).

"Where the manufacturer or producer makes representations in his advertisement or by the labels on his products as an inducement to the ultimate purchaser, the manufacturer or producer should be held to strict accountability to any person who buys the product in reliance on the representations and later suffers injury because the product fails to conform to them." *Hamon* v. *Digliani*, supra, 718. The *Hamon* case does not indicate, nor does any other authority, that we should now engraft upon the present type of action against a manufacturer a requirement of notice created by statute relative to a different cause of action.

The demurrer is overruled.