[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION AS TO DEFENDANTS MOTION TO STRIKE (#106)
ISSUE
Whether the defendant's motion to strike should be granted as to counts three, four, five and seven of the plaintiff's complaint.
FACTS
On January 12, 1991, the plaintiff, Benchmark Building Corp., filed a nine count amended complaint against the defendant, United Builders Supply Co., Inc., alleging that the defendant sold defective construction products to the plaintiff. For the purposes of this motion, only counts three, four, five and seven are relevant. In counts three, four and five, the plaintiff alleges breach of warranty theories under the Uniform Statutes 42a-2-102, et seq. Count three alleges breach of implied warranty of fitness pursuant to 42a-2-315. Count four alleges breach of implied warranty of merchantability pursuant to 42a-2-314. In count five the plaintiff alleges breach of express warranty pursuant to General Statutes 42a-2-313. Count seven alleges that the defendant breached the contract of sale by failing to supply the plaintiff with construction products free of material defects.
On February 5, 1992, the defendant filed a motion to strike the above four counts, contending that the plaintiff has failed to allege notice as required by General Statutes42a-2-607, and that the claims are therefore legally insufficient. The plaintiff did not appear at short calendar to argue this motion, nor did it file a memorandum in opposition.
DISCUSSION
A motion to strike challenges the legal sufficiency of a pleading. Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). Thus, a motion to strike is properly granted CT Page 4813 where the pleading alleges legal conclusions unsupported by facts. Mora v. Aetna Life Casualty Ins. Co., 13 Conn. App. 208,211, 535 A.2d 390 (1988). If, however, the facts provable under the pleading would support any legally sufficient cause of action, then the motion to strike must be denied. Mingachos v. CBS, Inc., supra, 109. In determining the legal sufficiency of a complaint, the court must construe the allegations of the pleading in a light most favorable to the nonmoving party. Connecticut Bank and Trust Co. v. Carriage Lane Associates,219 Conn. 772, 781, 595 A.2d 334 (1991).
In counts three, four and five, the plaintiff alleges breach of warranty claims pursuant to the Uniform Commercial Code, General Statutes 42a-2-102, et seq. Causes of action which arise under a statute must comply with the pleading requirements applicable to the statute. Senior v. Hope,156 Conn. 92, 98, 239 A.2d 486 (1968). The defendant contends in its motion to strike that the plaintiff has failed to meet the statutory requirements applicable to the breach of warranty claims, in that the defendant has not alleged notice as required by General Statutes 42a-2-607. Section 42a-2-607 (3) provides:
 . . . where a tender has been accepted (a) the buyer must, within a reasonable time . . ., notify the Seller of breach or be barred from any remedy . . . .
General Statutes 42a-2-607 (3).
Although the Connecticut appellate courts have not directly addressed whether the notice provision of 42a-2-607 (3) is a condition precedent to asserting a breach of warranty claim, one superior court decision has held that "a complaint is defective if it does not allege the giving of notice of a breach of warranty to the seller." Ruderman v. Warner-Lambert Pharmaceutical Co., 23 Conn. Sup. 416, 418, 184 A.2d 63 (Ct. Comm. Pls. 1962). See also Stelco Industries, Inc. v. Cohen,182 Conn. 561, 564, 438 A.2d 759 (1980) (stating that a buyer who accepts nonconforming goods has a remedy in damages "provided that he has given timely notice of breach to the seller.")
Jurisdictions outside Connecticut uniformly hold that a failure to plead compliance with the notice provision of their versions of 42a-2-607 (3) bars recovery in a breach of warranty action. See Stamper Black Hills Gould Jewelry, Inc. v. Souther,414 N.W.2d 601, 604 (N.D. 1987). ("Notice is a condition precedent to the buyer's cause of action which must be pleaded . . . in order to recover"); Hepper v. Triple U. Enterprises, Inc. CT Page 4814388 N.W.2d 525, 527 (S.D. 1986) ("Notice is an element that must be specifically proven; it is not an affirmative defense"); Stalter v. Coca Cola Bottling Co., 669 S.W.2d 460, 464 (Ark. 1984) ("In order to state a cause of action for breach of warranty, an allegation of notice . . . must be pleaded"); Taylor v. American Honda Motor Co., 555 F. Sup. 59 (M.D. Fla 1982) (buyer must plead compliance with statutory notice requirement in breach of warranty action).
The plaintiff's amended complaint fails to allege notice as required by General Statutes 42a-2-607 (3), and the breach of warranty claims set forth in counts three, four and five are therefore legally insufficient and are stricken.
The defendant moves to strike count seven of the amended complaint, which alleges breach of contract pursuant to General Statutes 42a-2-601. The defendant contends that 42a-2-601
requires that a buyer either reject the goods or accept the goods and provide notice, as required by 42a-2-607 (3). The defendant further contends that count seven fails to allege a rejection of goods, nor does it allege notice consistent with an acceptance of goods.
Section 42a-2-601 provides that "if the goods or the tender of delivery fail in any respect to conform to the contract, the buyer may (a) reject the whole, or (b) accept the whole; or (c) accept any commercial unit or units and reject the rest." 42a-2-601 does not provide an independent cause of action, but rather, merely defines the rights of a buyer faced with nonconforming goods. The remedies of a buyer, in contrast, are found at General Statutes 42a-2-312 through42a-2-315, providing breach of warranty claims.
Count seven alleges that "the shingles [supplied by the defendant] had one or more material defects and were, therefore, not in conformance with the agreement . . . and constituted a breach as contemplated by . . . 42a-2-60, et seq." Plaintiff's Amended Complaint, para. 7. Count seven attempts to allege a breach of contract claim under the Uniform Commercial Code. Common law claims, however, are barred when Code provisions clearly govern the transaction. See Bead Chain Mfg. Co. v. Saxton Products, Inc., 183 Conn. 266, 270; 439 A.2d 314 (1981) ("supplemental bodies of law cannot displace those provisions of the Code that are directly applicable"); Management Computer Services, Inc. v. Rourke-Eno Paper Co., Inc., 5 C.S.C.R. 104
(December 7, 1989, Meadow, J.) (Uniform Commercial Code's breach of warranty actions bar common law breach of contract claim). Count seven of the plaintiff's amended complaint is barred and is stricken. CT Page 4815
Defendants motion to strike therefore is granted as to counts three, four five and seven of the Plaintiffs First Amended Complaint.
AUSTIN, J.