EXPORT & IMPORT FILM CO., INC., Plaintiff, *v.* B. P. SCHULBERG PRODUCTIONS, INC., Formerly Known as B. P. SCHULBERG-PREFERRED, INC., Defendant.

Supreme Court, New York County, July 13, 1925.

Contracts — construction — application by plaintiff for temporary injunction restraining defendant from selling certain motion pictures for which plaintiff claims contract with defendant — injunction denied where irreparable damage might be done defendant.

Plaintiff, a motion picture exporter, is not entitled to a temporary injunction restraining the defendant, a motion picture producer, from selling certain motion pictures for which the plaintiff claims to have a contract with said

defendant, which provides for an agreement between the parties as to the " minimum or upset value " for each picture, where the issuance of an order might work irreparable injury to the defendant if it should prevail upon the trial, particularly where the only value of injunctive relief to plaintiff is as a lever to force a settlement.

MOTION by the plaintiff for a temporary injunction.

*William Klein* [*Charles H. Tuttle* and *William Klein* of counsel], for the plaintiff.

*Nathan Burkan,* for the defendant.

LEVY, J.:

This is an application by plaintiff, a dealer in motion pictures, in export territory, to restrain the defendant, a producer, from disposing of certain motion pictures for which it is alleged to have contracts with the former. The contract upon which this action is predicated gave to the plaintiff for the period of five years from April 19, 1924, the exclusive foreign rights to all pictures manufactured or acquired by the defendant. As compensation, the latter was to receive seventy per cent of the moneys to be realized from these pictures by the plaintiff. A " minimum sale " or " exhibition value " of $25,000 was placed upon each picture for the first year. This phrase is interchangeably used with the term " price expectancy " in the moving picture industry and seems to denote the minimum receipts which distributors such as the plaintiff expect to realize from the exhibition of the pictures. Forty per cent of this " value " thus fixed the plaintiff undertook to pay as an advance to the defendant upon the delivery of the negative, which advance was to be recouped. For the first year of the contract nine specifically named subjects were agreed upon, with the exhibition value fixed as here indicated. No substantial differences have arisen with reference to these. But as regards the subjects for the second year the parties have been thus far unable to agree on the " value." The agreement provides that the parties " agree at the beginning of each season to mutually agree upon a minimum or upset value for each of the pictures to be delivered by the producer for the ensuing year." Obviously this element is important because the advance to be paid to the producer, the defendant, depends upon the " minimum value " as established. Defendant has demanded that such value be fixed at $50,000 to $55,000 for each picture. On the other hand, the plaintiff asserts that these values are unreasonable and urges in support of this that the very announcements issued by the defendant clearly show that the new pictures are not intended to be produced on any more elaborate scale than those hitherto released.

There is some evidence that endeavors were made by these parties to arbitrate their differences, but it is not clear who was responsible for the failure of these attempts at conciliation. The defendant has now offered to the trade generally its pictures to be produced for the season of 1925, and the plaintiff is seeking an injunction to restrain it from doing so. It is easy to see from both the body and the preamble of the contract that it was the unequivocal intention that the plaintiff should have the exclusive foreign rights to all the pictures produced by the defendant for a period of five years. But the latter argues that the contract, except for the first year, is unenforcible because it provides that the parties had agreed " to agree " as to future prices, and being silent as to an essential element it cannot be deemed binding. (*St. Regis Paper Co.* v. *Hubbs & Hastings Paper Co.*, 235 N. Y. 30.) Still, it may well be that the minimum exhibition value which is the indefinite factor in this situation is such an element as may be determined by objective standards. If so, the failure to specify such value will not necessarily render the contract void for uncertainty. To supply this, the plaintiff offers affidavits of certain experts as to the probable exhibition value of the pictures to be produced. Unfortunately, these are somewhat stereotyped and not sufficiently convincing, and, therefore, not helpful. Notwithstanding the very able and instructive brief of counsel for the plaintiff, I am constrained to deny this application. The balance of convenience in determining the right to, and expediency of, this relief is certainly with the defendant. The contract has at least three more years to run. A temporary injunction might irreparably injure the defendant if it should ultimately prevail, in depriving it of its work for this year. This, unquestionably, could be of no value to the plaintiff, except possibly as a lever to force a settlement. Moreover, the trial of the issues at an early date, if resulting in plaintiff's favor, will deny it but a short period and give it the benefit of the major unexpired portion of the contract, and doubtless leave it in a position to repair its loss for the time during which performance will have been suspended. The motion is denied. Settle order on notice.