EDWARD WHITMAN and Another, Doing Business under the Trade Name of SUPREMETONE RECORDING STUDIO, Plaintiffs, *v.* METRO-GOLDWYN-MAYER CORPORATION and Another, Defendants.

Supreme Court, Special Term, New York County, May 18, 1936.

Louis P. Randell [*Frederick E. Goldsmith* of counsel], for the plaintiffs.

*J. Robert Rubin* [*Samuel D. Cohen* of counsel], for the defendants.

COLLINS, J. This is an unfair competition action. In April, 1933, the plaintiffs produced a one-reel motion picture titled "Inflation," which, as the title indicates, dealt with the then timely subject of inflation. In June and July, 1933, the plaintiffs' picture was exhibited in several theatres, but it never attained popularity or extensive currency. The plaintiffs sought to interest the defendants in distributing the picture, and in that connection it was exhibited in the projection room of the Marcus Loew Booking Agency (an affiliate of the defendants) and one or more representatives of the defendants, after viewing the picture, rejected it as unsatisfactory for the defendants' use.

In June, 1933, the defendant Metro-Goldwyn-Mayer Corporation also produced a one-reel motion picture titled "Inflation," and which likewise treated the subject of inflation. The defendants' picture was first publicly exhibited in the Capitol Theatre in Manhattan on or about July 14, 1933.

The nub of the plaintiffs' claim is that the defendants, after viewing the plaintiffs' picture, duplicated and exhibited it, thus rendering the plaintiffs' picture valueless. Such duplication, the grievance is, constitutes unfair competition.

I am unable to perceive unfair competition here. Inflation was a common subject on almost every tongue and pen. Various newspapers published, and still publish, articles concerning it. Economists, officeholders and others discussed and debated it. No one possesses a monopoly on this common thesis; it resides in the public domain. Quite true, a descriptive term may, by general and extensive usage and popularization, acquire a secondary meaning. But the plaintiffs' picture never attained that stature; it was hardly known. The plaintiffs' title was not copyrighted.

It is not at all inconceivable that the defendants, after learning that the plaintiffs had produced a picture on inflation, decided to do likewise. They had a perfect right to do so, just as a writer who, after seeing an article or a book on a given timely subject, is licensed to write on the identical topic. Races and imitations of this character are not at all uncommon. Of course, the race or imitation must be honest and fair. But no element of unfairness is present here. Unfair competition is a species of fraud. I can discern no fraud here. At the most, the defendants produced a motion picture on a subject treated by the plaintiffs and gave it the same title. But, having viewed both pictures, I did not find the treatment identical. The defendants' treatment was humorous as well as serious. A semblance of similarity here and there, yes; but duplication, no. Both essayed a popular exposition of inflation; both sought to convey an understanding of the subject to the average mind. But there was no attempt to produce a replica. And duplication did not result. The plaintiffs do not contend that the defendants palmed off their picture as that of the plaintiffs, or the plaintiffs as theirs. Confusion has not ensued. There is utterly no evidence that the defendants capitalized the plaintiffs' efforts or investment or advertising. It is unfortunate for the plaintiffs that their picture could not remain the sole picture on the subject of inflation; but more than that is necessary to make out a case. Competition alone is not enough; unfairness must attend the rivalry.

Satisfied that there was no unfair competition, I am constrained to decide for the defendants.

Judgment for the defendants. Findings and conclusions passed upon. Submit decision and judgment accordingly.