Robert E. Sherwood and The Playrights Producing Company, Inc., Plaintiffs, v. Twentieth Century-Fox Film Corporation, Defendant.

Supreme Court, Special Term, New York County, January 23, 1940.

*Cohen, Cole, Weiss & Wharton* [*Sidney A. Wolff* of counsel], for the plaintiffs.

*Edwin P. Kilroe* [*Julian J. Abeles* and *Arnold J. Bernstein* of counsel], for the defendant.

Schmuck, J. Having materially participated in reawakening interest in a climacteric period of American history by an intriguing dramatization of the formative period of the life of America's great and immortal martyr, plaintiffs contend that defendant is guilty of unfair competition in producing and displaying a motion picture depicting the same period and events of Lincoln's life. While admitting that the Great Emancipator is a historic character whose life and its incidents are public property, plaintiffs insist that having dispelled seeming apathy and caused a recrudescence of lively interest in America's titan of unselfishness and humanity, they should not be denied the reward of their efforts and that the defendant particularly should not share therein, having previously through its officer in charge of production declared the belief that the American public had lost interest in Lincoln, that his name no longer was a magnet of enthusiasm and that his sacrifices, his inspired judgment and monumental accomplishments had been consigned to the cobwebbed hall of passing events.

At the outset it is to be clearly understood that this issue involves no question of copyright or plagiarism but must be strictly confined to the question of unfair competition. Countless decisions defining unfair competition preclude any favorable consideration for plaintiffs' claim. Since the source of their material belongs to public domain, no exclusive right to the use thereof can be acquired even though they were the first to discover its value as a medium to awaken public interest. The use of such material is absolute in the public and no one can be excluded even though by use thereof actual competition is incurred with the pioneer in the particular realm of history or literature. As was held in *Fendler* v. *Morosco* (253 N. Y. 281), the use of historic facts and common story creates no exclusive right in them. In *Echevarria* v. *Warner Bros. Pictures, Inc.* (12 F. Supp. 632, 638), we read: " One cannot build a story around a historical incident and then claim exclusive right to the use of the incident. If originality can be claimed in opposing Aguinaldo to Funston, as the plaintiff claimed in open court, then all the novels, short stories, and dramas written about the Civil war, opposing Grant and Lee, might never have been written after the first one because the author of the first one could have claimed exclusive right to the product." To the same effect an endless stream of authorities can be cited leading to the conclusion that history and its dominant personalities are public and not private property.

Since defendant was free to use the life of Lincoln as a vehicle for its play, plaintiffs may not be heard to complain unless in so doing defendant by fraud and imposture sought to mislead the public in believing that its motion picture was based on Sherwood's drama. As was stated in *Neva-Wet Corp.* v. *Never Wet Processing Corp.* (277 N. Y. 163), unfair competition consists of palming off one's goods as those of another. Deceit of the public and misleading the unwary is the indispensable prerequisite of an action for unfair competition. No less will suffice for equity will not exercise its power to interfere with the freedom of trade and general business competition except to restrain fraud and willful attempt to mislead the public.

As only the unbelievably ignorant and unsophisticated could possibly confuse defendant's photoplay with Sherwood's drama, and inasmuch as the title " Young Mr. Lincoln " fails to conflict with " Abe Lincoln in Illinois," the court cannot determine the defendant guilty of unfair competition and awards it judgment, with costs. Submit findings of fact, conclusions of law and judgment accordingly.