## MARTENET v. UNITED ARTISTS CORPORATION.

District Court, S. D. New York.

June 22, 1944.

Pennie, Davis, Marvin & Edmonds, of New York City, for plaintiff.

O'Brien, Driscoll & Raftery, of New York City (Arthur F. Driscoll, Paul D. O'Brien, and John Drew, all of New York City, of counsel), for defendant.

MANDELBAUM, District Judge.

Plaintiff seeks an injunction pendente lite to restrain use of the title "Voice in the Wind" by defendant corporation who is a distributor of a motion picture film bearing that name. Plaintiff is the author of a novelette entitled "Voice in the Wind" which was previously published and copyrighted by McCall's Magazine in its August 1942 issue, and has brought an action for a permanent injunction and for an accounting. Neither McCall's Magazine nor the producer of the film have been made parties to the action.

It was conceded at the argument of the motion that only the titles are identical and that the novelette and the film tell entirely different stories. The only question then is the property right that plaintiff has in the title.

It has been held that an author or proprietor of a literary work has no property in its name, (Copyright Act, §§ 1(a, b), 4, 17 U.S.C.A. §§ 1(a, b), 4), and that it is merely a term of description which serves to identify the work (Atlas Mfg. Co. v. Street & Smith, 8 Cir., 204 F. 398, 47 L.R. A.,N.S., 1002), and anyone may use it, unless some fraud is intended. No such claim is made here. Therefore, the only right to damages plaintiff may have would arise from any possible secondary meaning in the title, resulting in confusion to the public. See Becker v. Loew's, Inc., 7 Cir., 133 F.2d 889.

Another question presented is the validity of plaintiff's copyright. It is contended by defendant that the copyright procured by McCall Magazine was invalid because only a part of the rights to the story were transferred to McCall's by the plaintiff and that under the copyright laws the person seeking the protection of copyright must own all the rights, and, if in fact the copyright was valid, then McCall must be a party to the action.

Furthermore, the damage to the plaintiff, if any, has already been done. The motion picture has already been exhibited in New York City, and some 4000 contracts have been entered into by defendant for its further showing. In addition, great expense has been incurred by defendant in advertising.

I do not believe that plaintiff has made a sufficient showing of such irreparable harm by the continued use of the title by defendant to warrant injunctive relief in this case.

The motion must therefore be denied.

Settle order.