JEROME BRONDFIELD, Plaintiff, *v.* PARAMOUNT PICTURES CORPORATION et al., Defendants.

Supreme Court, Special Term, Kings County, October 9, 1951.

*George N. Levine* and *Henry Solomon* for plaintiff.

*Louis Phillips* and *Daniel F. Hynes, Jr.,* for Paramount Pictures Corporation and another, defendants.

KLEINFELD, J. Motion for a preliminary injunction enjoining the defendants, Paramount Pictures Corporation and Wallis-Hazen, Incorporated, during the pendency of this action, from displaying or showing to the public generally the motion picture production entitled " That's My Boy."

The defendant, Wallis-Hazen, Incorporated, produced a motion picture entitled "That's My Boy", which is currently being distributed by the defendant Paramount Pictures Corporation, for exhibition in theatres throughout the United States and also throughout the world.

The plaintiff is the author of a short story entitled "That's My Boy", which was copyrighted in the name of plaintiff in the office of the Register of Copyrights in Washington, D. C., and was published in Liberty Magazine on November 23, 1946, and again in 1947 in a book entitled "Teen-Age Sport Stories", and again in 1951 in a book entitled "Treasure Chest of Sport Stories".

The defendant, Wallis-Hazen, Incorporated, completed the production of its picture in May, 1951, and since the date of its release in August, 1951, it has been shown extensively with great success in over 1,000 theatres in the United States. Presently there are over 6,000 contracts that have been made for the showing of the picture in various theatres of the United States, and hundreds of contracts are coming in on this picture almost daily.

The plaintiff claims that he has a property right in the title of which he is being deprived by the showing of the picture of the same title, and also that his short story is based upon a story of a father and son, the theme of which is football.

The defendants' opposing affidavit shows that there are at least sixteen uses of the same title for short story, novel, song and motion picture, both before and after the publication of the plaintiff's short story.

Preliminary injunction is a very drastic remedy and is ordinarily not granted, except to maintain the *status quo,* and even then only upon a very substantial showing, which is not present here; a temporary injunction would be of little value to the plaintiff as compared with the incalculable harm to the defendants who have an investment in this picture in excess of $1,250,000, and who have contracted with thousands of exhibitors throughout the country for the showing of the picture. (*Walt Disney Productions* v. *Souvaine Selected Pictures,* U. S. Dist. Ct., S. D. N. Y., July 16, 1951, HOLTZOFF, J.; *Export & Import Film Co.* v. *Schulberg Productions,* 125 Misc. 756, affd. 218 App. Div. 823; *Martenet* v. *United Artists Corp.,* 56 F. Supp. 639, 640; *Giordano* v. *Dellwood Dairy Co.,* 153 Misc. 54.)

The fact that the plaintiff claims similarity in themes is of no consequence in this case, even if it were the fact, but this is denied by the defendants.

The fact that the plaintiff has procured a copyright on his short story gives him no protection so far as the title is concerned. (*Warner Bros. Pictures* v. *Majestic Pictures Corp.*, 70 F. 2d 310; *Patton* v. *Superior Talking Pictures*, 8 F. Supp. 196, 197; *Martenet* v. *United Artists Corp.*, *supra*.)

Therefore it is clear that the plaintiff has no exclusive right, by virtue of his copyright, to the use of the title "That's My Boy." That is an expression long in use and is fanciful. It is in the public domain and none can use it to the exclusion of anyone else. Indeed, as pointed out above, there have been at least sixteen known uses thereof, both before and after plaintiff's short story was published.

Plaintiff's only standing, therefore, in this case would be upon a showing that there has been unfair competition. In order to make out a case on this basis, it is necessary to plead and prove that the title has attained a secondary significance and that the title is identified in the public mind with the plaintiff, to such an extent that the title has become well known and at once recognized as the plaintiff's work.

Plaintiff must also show, in an action for unfair competition, that the defendants are trading upon the plaintiff's name and good will, and are palming off their goods upon his reputation. Nothing in the moving papers or in the complaint makes such claim or showing. (*Manners* v. *Triangle Film Corp.*, 247 F. 301; *Crescent Tool Co.* v. *Kilborn & Bishop Co.*, 247 F. 299; *Whitman* v. *Metro-Goldwyn-Mayer Corp.*, 159 Misc. 850; *Collins* v. *Metro-Goldwyn Pictures Corp.*, 25 F. Supp. 781; *Becker* v. *Loew's, Inc.*, 133 F. 2d 889; *Sherwood* v. *Twentieth Century-Fox Film Corp.*, 173 Misc. 871.)

Motion denied.