[Civ. No. 21092. Second Dist., Div. Three. Apr. 3, 1956.]

ARTHUR CURTIS, Appellant, v. TWENTIETH CEN-TURY-FOX FILM CORPORATION (a Corporation), Respondent.

Julius A. Leetham for Appellant.

Musick, Peeler & Garrett, Harold F. Collins and John P. Pollock for Respondent.

VALLÉE, J.—Appeal by plaintiff from a judgment for defendant entered on a jury verdict in an action for damages for alleged unfair competition.

In 1944 plaintiff published and copyrighted a book titled "Hey, Mac! You're in the Navy Now." On February 23, 1951, defendant released a motion picture titled "U.S.S. Teakettle." On March 8, 1951, defendant changed the title of the picture to "You're in the Navy Now."

The complaint was in two counts: the first was based on unfair competition; the second was based on unauthorized use of the title of plaintiff's book. The foundation of both counts was the alleged unauthorized use of the title of plaintiff's book after it had attained a secondary meaning. (See *Johnston* v. *20th Century-Fox Film Corp.*, 82 Cal.App.2d 796, 810 [187 P.2d 474].) It was not alleged or claimed that the content of the motion picture is similar to the content of plaintiff's book. In July 1953 defendant's demurrer to the second count was sustained with leave to amend on the ground it was barred by section 339, subdivision 1, of the Code of Civil Procedure. Plaintiff did not amend. When the cause was called for trial on June 29, 1954, plaintiff orally moved to restore the second count and to substitute therein March 8, 1951, for February 23, 1951. The grounds of the motion were that the tort alleged was a continuing one and that it had been discovered that the first use of the title "You're in the Navy Now" by defendant was on March 8, 1951. No affidavit was filed in support of the motion. It was denied.

Plaintiff's first point is that the court erred in sustaining the demurrer to the second count and in denying his motion to restore it. The complaint was filed on February 27, 1953. The second count alleged the picture was released on February 23, 1951, more than two years prior to the filing of the complaint. Assuming, without deciding, that the wrongful act alleged, i.e., the use of plaintiff's title, was continuous and repeated and that every continuance and repetition gave rise to a fresh cause of action (see 16 Cal.Jur. 524, § 123), plaintiff was not prejudiced by the ruling sustaining the demurrer to the second count with leave to amend. The first count alleged defendant released and exhibited the picture, publicized it throughout the country, and by the "unauthorized, misleading and unfair use" of the title defendant *had deceived and misled the general public*; that the acts of defendant were with full knowledge of "plaintiff's sole and exclusive rights to the use of said name and title 'You're In

The Navy Now' ''; that after release of the picture plaintiff contacted defendant ''concerning the unauthorized use of said title,'' but notwithstanding plaintiff's rights defendants have ''continued and still continue to use'' the title in connection with the distribution and exhibition of the picture; that ''defendants have made an unauthorized use of the plaintiff's name and title, 'You're In The Navy Now,' and have deprived and are continuing to deprive the plaintiff of the benefits, privileges, and profits from the use of said name and title to which the plaintiff is solely entitled, and that said loss of profits to plaintiff now totals $100,000.00.''

The second count adds nothing to the first count. It realleges the averments of the first count except those as to damages, and avers that prior to the release of the picture the reasonable value of plaintiff's title ''You're in the Navy Now'' for use in motion pictures was $100,000, but by reason of defendant's use of the title it was rendered valueless and plaintiff had been damaged in that amount. As stated by the trial judge, ''if the plaintiff is entitled to relief, he can get it under the first cause of action and it won't even be necessary to have a second cause at all.'' The gist of both counts was the alleged unauthorized use of plaintiff's title. All evidence which could have been introduced under the averments of the second count was introduced under the averments of the first count. Plaintiff testified the loss he sustained ''when the defendant made this use of the name'' without his permission was ''$100,000 plus $100,000.'' If it was error to sustain the demurrer to the second count with leave to amend, the error obviously was not prejudicial.

■ The court did not abuse its discretion in denying plaintiff's motion to restore the second count to the complaint. The motion was made at the opening of the trial, more than a year after the demurrer was sustained. The record does not show any excuse for the delay. No good reason appears for not having made the motion sooner. (*Vogel* v. *Thrifty Drug Co.*, 43 Cal.2d 184, 189 [272 P.2d 1]; *Moss Estate Co.* v. *Adler*, 41 Cal.2d 581, 586 [261 P.2d 732].)

■ It is contended the court erred in permitting defendant, over plaintiff's objection, to read plaintiff's book to the jury and in permitting it to project the motion picture to the jury, also over plaintiff's objection. The argument is that the action is for unfair competition in using the title of plaintiff's book which had acquired a secondary meaning

and therefore the content of the book and defendant's picture were irrelevant. Plaintiff introduced his entire book in evidence. Having done so, he cannot complain because it was read to the jury. Plaintiff testified the value of his book prior to the release of the picture was $1,000,000 and in effect that it was of no value after release of the picture. Defendant was entitled to show that "You're in the Navy Now" as the title of the picture did not compete with "Hey, Mac! You're in the Navy Now" as the title of the book. A comparison of the book and the picture by the jury was therefore proper. It was also proper in determining the weight to be given to plaintiff's testimony.

Plaintiff next argues the evidence compelled a verdict in his favor. He says four witnesses testified they had seen his book, they later saw advertising of defendant's picture, and they correlated the two titles; that more than 70,000 copies of the book had been circulated; and because of this evidence the judgment should be reversed for the determination of damages alone. The point is wholly without merit. The book was last circulated in 1945. The jury could have found it was not the subject of a motion picture and no one could have been confused or misled by defendant's use of the title "You're in the Navy Now." It is a series of miscellaneous incidents occurring in the training of sailors at the Farragut Naval Training Station during World War II. It begins with a two-page account of conversations at the induction center and continues with chapters concerning events in basic training such as the Navy haircut, innoculations, the captain's inspection, scuttlebutt, battalion watch, boats, the captain's review, and graduation. There are two pages of definitions of nautical terms and about three pages of condensed biographies of outstanding naval figures and famous ships and a bibliography of naval books. There is no plot or theme, and there are no characters. Defendant's advertising showed a girl and ships not present in the book. Its advertising stated the picture was based on a story from "The New Yorker" by John W. Hazard. The cover and title page of plaintiff's book showed the words, "Hey, Mac!" in much larger type than the phrase, "You're in the Navy Now." There was evidence that plaintiff's book was frequently referred to as "Hey, Mac!" The phrase "You're in the Navy Now" is heard quite often in the Navy. In 1926 Paramount produced a motion picture titled "We're in the Navy Now." Prior to plaintiff's book there were eleven

titles containing the phrase ''You're in the Navy Now'' or similar phrases in stories, songs, or motion pictures. The evidence amply supports the verdict for defendant.

■ The branch manager of defendant's Los Angeles exchange was permitted to testify over plaintiff's objection that no complaints of confusion between the book and the picture had been received by him. Plaintiff asserts error. The witness had testified that all sales problems, including patron complaints, were relayed to him. The ruling was not erroneous. (See *Sunbeam Lighting Co.* v. *Sunbeam Corp.*, (9 Cir.) 183 F.2d 969, 973; *Sunbeam Corp.* v. *Sunbeam Furniture Corp.*, 88 F.Supp. 852, 858.)

■ Plaintiff contends the trial judge made hostile comments against him before the jury to his prejudice. Little need be said on this point. The record reveals that plaintiff, as a witness, would have tried the patience of Job. Seldom did he answer directly. In most instances, instead of answering a question he expatiated at length on irrelevent matters. Plaintiff is an attorney and should have known how to conduct himself on the witness stand. The kindly and patient trial judge did his best to keep plaintiff in order but with little success. At times he became somewhat critical, but nothing he said may be considered as in anywise affecting the integrity of plaintiff's testimony. He at no time said anything which could be construed as showing bias or prejudice or an intimation of his views on the merits of the case. Plaintiff's conduct was perfectly obvious to the jury and nothing said by the judge could have prejudiced him in the slightest.

■ The court, at defendant's request, gave this instruction to the jury:

''No right is claimed by plaintiff that he had any ownership in the title used by him. His claim is that by use and by advertising and publicity, the public came to identify the phrase 'YOU'RE IN THE NAVY NOW' with his book, to the extent that the use of that title by defendant confused the public and damaged plaintiff's book.'' It is said the instruction is not a correct statement of the law. We think it is. Plaintiff made no claim that he had any ownership in the title ''Hey, Mac! You're in the Navy Now'' merely as a title. His claim was that by reason of the use of the title and by advertising and publicity it had acquired a secondary meaning, and he introduced evidence to establish that fact. He alleged and sought to prove that by reason of that fact

the use by defendant of the title "You're in the Navy Now" confused the public and caused him damage.

■ At the request of defendant the court gave these instructions:

"In determining whether or not the defendant has engaged in any unfair competition, you should consider whether or not the defendant has used reasonable means and methods to avoid confusion between defendant's motion picture and the plaintiff's book.

"The fact that defendant stated both on the film itself and in much of its advertising that its motion picture was based upon a story in New Yorker Magazine by John Hazard, is to be considered by you in determining whether confusion was avoided." Plaintiff asserts they are not correct statements of the law. We think they are. The facts stated in these instructions were proper matters to be taken into consideration in determining the issues. (*Warner Bros. Pictures* v. *Majestic Pictures Corp.,* (2 Cir.) 70 F.2d 310, 311-313; *Becker* v. *Loew's, Inc.,* (7 Cir.), 133 F.2d 889, 893; *Collins* v. *Metro-Goldwyn Pictures Corp.,* 25 F.Supp. 781, 784; *Selig Polyscope Co.* v. *Mutual Film Corp.,* 169 N.Y.S. 369; *Sherwood* v. *20th Century-Fox Film Corp.,* 173 Misc. 871 [18 N.Y.S.2d 388, 390].)

■ The instruction set out in the margin was given at defendant's request.[1] Plaintiff complains of that part which told the jury that one of the things they must find before they could find that defendant engaged in unfair competition was that the manner of use by defendant of the title "You're

---

[1] "Before you may find that defendant engaged in any unfair competition in connection with the production, exhibition and distribution of its motion picture entitled 'You're In The Navy Now,' you must first find by the preponderance of all evidence that each of the following is true:

"1. That plaintiff's book has become identified in a significant portion of the public mind by the title 'You're in the Navy Now.'

"2. That plaintiff's use of such phrase has been so extensive that the phrase 'You're in the Navy Now' was definitely associated with his work by the public.

"3. That the defendant used the title 'You're in the Navy Now' as the title of its motion picture after plaintiff's book had been published.

"4. That the plaintiff has not, by his failure to keep it before the public, lost or abandoned any prior rights he might otherwise have had to use of the phrase 'You're in the Navy Now.'

"5. That the manner of use by the defendant of the title 'You're in the Navy Now' was such as to confuse the public into believing that the motion picture was based upon plaintiff's book, or in some way connected with plaintiff's book or depicted characters or incidents or plot contained in plaintiff's book.

"6. That as the result, plaintiff has been damaged in that he has been deprived of monetary benefits and profits."

in the Navy Now'' was such as to confuse the public into believing the picture was based on the book or in some way connected with the book or depicted characters or incidents or plot contained in the book. The part of the instruction criticized is a correct statement of the law. Anyone may use a title if there is no secondary significance. Unfair competition consists in palming off one's goods as those of another. The mere use of a substantially similar title, if not used in such manner as to induce the public to believe that the work to which it is applied is the identical thing which it originally designated, does not constitute unfair competition. The instruction did no more than tell the jury that plaintiff may not complain unless he established by a preponderance of the evidence that by use of the title ''You're in the Navy Now'' defendant sought to mislead the public into believing that its picture was based on plaintiff's book. (*Sherwood* v. *20th Century-Fox Film Corp.*, 173 Misc. 871 [18 N.Y.S.2d 388, 390]; *Becker* v. *Loew's, Inc.*, (7 Cir.) 133 F.2d 889, 893; *Brondfield* v. *Paramount Pictures Corp.*, 107 N.Y.S.2d 698, 700-701.)

The case was fully and fairly tried. The jury was fully, fairly, and accurately instructed on all principles of law applicable to the evidence. We find no merit in any of the assignments of error.

Plaintiff also appealed from the order denying his motion for a new trial. The order is not appealable and the appeal therefrom will be dismissed.

The appeal from the order denying a new trial is dismissed; the judgment is affirmed.

Shinn, P. J., concurred in the judgment.

WOOD (Parker), J.—I concur in the judgment. In my opinion the conduct of the trial judge in criticizing the plaintiff, while plaintiff was a witness, was improper. Some instances of such criticism are: (1) When an attorney for defendant asked the judge to instruct the witness to answer a question, the judge said, ''It is useless.'' The judge also said, ''I doubt if you can ever remodel the witness's method of answering questions.'' (2) When the judge asked plaintiff how long he had been in the Navy, the plaintiff replied that he had drawn Navy pay four different times. Then the judge said: ''Fine; a fine answer. That is a sample of the answer I told you that you have been indulging in and which fur-

nishes us with no information at all." (3) On another occasion the judge said to plaintiff: "And don't split hairs in your answers. Let's talk plain turkey here." (4) On another occasion, after the judge instructed the jury to disregard a comment of plaintiff (a comment to the effect that he would be glad to put his hand on the Bible), the judge said: "You are not doing yourself any good, young man." (5) Thereupon, the plaintiff said he was sorry, and the judge said: "All you need to do is adhere to the truth and try to make a truthful answer. You are not making any effort at all to comply." (6) Thereupon, the plaintiff said he was sorry, and the judge said: "Your deportment is entirely wrong as a witness, and you better cure it, if you can." The attorneys for respondent assert in their brief that it is only fair to the trial judge that the full context of his comments be included in discussing appellant's claim of hostility upon the part of the judge. Respondent attached to its brief a full context of those comments. In my opinion that context, or any context or circumstance, would not justify those comments by the trial judge in the presence of the jury. In my opinion, the comments cast insinuations, adverse to plaintiff, with reference to plaintiff's understanding of and compliance with his oath as a witness. If plaintiff deserved a lecture with respect to nonresponsive answers it should have been given when the judge did not have the jury as a part of his audience. However, since the question as to the merits of the case was not a close question, I think that the conduct of the trial judge should not be regarded as a basis for a retrial.

Appellant's petition for a hearing by the Supreme Court was denied May 29, 1956. Carter, J., was of the opinion that the petition should be granted.