Filed 2/4/26  Shtofman v. Lim CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ROBERT SCOTT SHTOFMAN, | B335795 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC611057) |
| v. | |
| JULIE C. LIM et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, David Sotelo and Elaine Lu, Judges. Affirmed.

Law Offices of Robert Scott Shtofman and Robert Scott Shtofman, in pro. per., for Plaintiff and Appellant.

Law Office of Julie C. Lim and Julie C. Lim, in pro. per.; KP Law, Zareh A. Jaltorossian for Defendants and Respondents.

——————————

Plaintiff Robert Shtofman, an attorney, sued defendants Gloria Lopez and Julie Lim (collectively, defendants) for fees Shtofman claimed to be owed in connection with his representation of Lopez in an underlying personal injury action. After a jury trial, the trial court awarded Shtofman $7,000 against Lim, and it entered judgment for Lopez. Shtofman appeals, urging that the court erred by sustaining Lim's demurrer to several of his tort causes of action, denying his motion for judgment notwithstanding the verdict (JNOV) on his claim against Lopez, granting Lim's motion for JNOV, and granting Lim an offset.

As we discuss, Shtofman has forfeited several of his appellate arguments by failing to provide an adequate record and failed to show prejudicial error in connection with other arguments. We therefore affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

### I. Complaint.

In July 2013, Lopez retained attorneys Shtofman and Lim to represent her in a personal injury action against Allied Barton Security Services, LLC (Allied Barton), Jin Seok Choi, and Yun H. Yun. For reasons not clear from the record, Lopez discharged Shtofman in early 2014. Subsequently, Shtofman learned that Lopez, represented by Lim, had settled with Allied Barton and its insurer, Arch Insurance Group, Inc. (Arch), for $1.5 million, and with Choi and Yun and their insurer, Alliance United Insurance Company (Alliance), for $15,000. Shtofman did not receive any of the settlement proceeds.

Shtofman filed the present action in February 2016, and filed the operative second amended complaint (complaint) against

2

Lopez, Lim, Alliance, Arch, and 21st Century Centennial Insurance Company (21st Century) in May 2016. The complaint alleged that Lopez had entered into a written retainer agreement with Shtofman and Lim that provided that the two attorneys would be entitled to 40 percent of any recovery by Lopez, to be divided evenly between them. Shtofman expended substantial time and incurred substantial debts in connection with Lopez's case, including for deposition and service costs. Under the retainer agreement, Shtofman therefore was entitled to 20 percent of Lopez's recovery, or about $305,000. However, Lopez and Lim refused to pay Shtofman his share of the settlement proceeds, giving rise to causes of action against Lopez for (1) breach of contract, and (2) quantum meruit; against Lim for (3) breach of fiduciary duty, (4) conversion, (5) breach of contract, (6) quantum meruit, (7) breach of statutory and/or ethical duties, and (8) fraud; and against Lim and the insurers for (9) constructive trust and (10) interference with prospective economic advantage.

## II. Settlements and pretrial motions.

Lim demurred to the complaint. The trial court sustained the demurrer without leave to amend as to the causes of action for breach of fiduciary duty, breach of statutory or ethical duties, fraud, constructive trust, and interference with prospective economic advantage (third, seventh, eighth, ninth, and tenth causes of action). The court overruled Lim's demurrer to the causes of action for conversion (fourth cause of action), breach of contract (fifth cause of action), and quantum meruit (sixth cause of action).

In January 2020, Shtofman dismissed 21st Century and Alliance without prejudice after settling with Alliance for $3,000.

3

In June 2021, Shtofman settled his claims against Arch for $100,000. Under the terms of the settlement agreement, Arch agreed to pay Shtofman $4,251.78, and to interplead $95,748.22 to satisfy judgment liens entered against Shtofman in other actions. In August 2021, Shtofman dismissed Arch with prejudice.

In July 2022, the trial court granted Lopez's and Lim's motions for summary adjudication of Shtofman's breach of contract claims (first and fifth causes of action).

## III.   Trial and posttrial motions.

In October 2022, the case proceeded to a jury trial on the sole remaining claims—for quantum meruit against Lopez, and for quantum meruit and conversion against Lim. The jury returned a verdict for Lopez on Shtofman's claim against her, and for Shtofman on the claims against Lim. The jury further found that Lim acted with malice, oppression, or fraud, and it awarded Shtofman the following damages:

Quantum meruit: $110,000

Conversion:

> Reasonable value of services: $0
>
> Compensation for time spent to recover converted property: $50,000
>
> Emotional distress: $50,000

Punitive damages: $8,000.

Shtofman filed a motion for JNOV, contending that he was entitled to judgment as a matter of law on his quantum meruit claim against Lopez. The court disagreed and denied Shtofman's motion, explaining: "[T]the only evidence of non-payment [of attorney fees] that [Shtofman] introduced at trial was that he did not receive any portion of the settlement amount from the

4

underlying action. However, as set forth in the jury's finding on the conversion claim, the jury found that Lim converted the settlement funds. A reasonable inference to draw from the jury's verdict in favor of Lopez . . . is that the failure to pay for the reasonable value of Shtofman's services from the settlement proceeds is attributable solely to the wrongful conduct of . . . Lim, who converted the funds—and not to any conduct on the part of Lopez."

Lim also filed a motion for JNOV, urging that she was entitled to judgment on the cause of action for conversion and the award of punitive damages. Among other things, Lim contended that Shtofman did not introduce any evidence of the time or money he spent attempting to recover the converted property (i.e., the attorney fees to which Shtofman claimed to be entitled) or of the emotional distress he suffered as a result of the conversion. The trial court agreed and granted Lim's motion. It explained: "The record is simply devoid of any evidence of any attorney fees or costs Shtofman incurred in attempting to recover the reasonable value of his services. . . . Thus, there was no evidence on which the jury could have based its award of damages for $50,000. Similarly, [Shtofman] also failed to present any evidence of any emotional distress he may have suffered. The only mention of either form of damages (emotional distress or time or money spent recovering the converted property) was in closing arguments—after all the parties had rested. 'Plaintiff had the burden of proving h[is emotional distress] damages with reasonable certainty . . . .' [Citation.] The isolated reference to emotional distress during closing arguments is insufficient to prove that Shtofman suffered any emotional distress at all. . . . [¶] In light of the lack of any evidence regarding the time or

money Shtofman spent in attempting to recover the converted property and the lack of any evidence of the emotional distress Shtofman suffered, the Court concludes that the awards for such damages cannot stand. [¶] Further, in the absence of actual damages, there can be no basis for punitive damages."

Lim also filed a posttrial motion for offset, urging that the damages awarded in the verdict should be offset by $103,000, the amount Shtofman received in the settlements with Arch and Alliance. On February 27, 2023, the trial court granted the motion and applied an offset of $103,000 to the jury verdict.[1]

On December 19, 2023, the trial court entered an amended judgment awarding Shtofman damages of $110,000 on the cause of action against Lim for quantum meruit, less an offset of $103,000, for a total judgment of $7,000. Shtofman timely appealed from the judgment.[2]

## DISCUSSION

On appeal, Shtofman challenges the trial court's orders (1) sustaining Lim's demurrer in part, (2) granting Lim's motion for JNOV on the conversion cause of action and award of punitive damages, (3) granting Lim's motion for offset, and (4) denying Shtofman's motion for JNOV. We consider each contention below.

---

[1]     Defendants filed a motion to augment the record on July 21, 2025. In light of our resolution of this appeal, the motion is denied.

[2]     Lim filed a cross-appeal, but dismissed it on July 23, 2025.

6

# I. Shtofman has not demonstrated that he was prejudiced by any error in partially sustaining Lim's demurrers.

As noted above, Lim demurred to the operative complaint, and the trial court sustained the demurrer without leave to amend as to the causes of action for breach of fiduciary duty (third cause of action), breach of statutory or ethical duties (seventh cause of action), fraud (eighth cause of action), constructive trust (ninth cause of action), and interference with prospective economic advantage (tenth cause of action).

On appeal, Shtofman contends that the operative complaint sufficiently pled each of these causes of action. Defendants respond that the trial court correctly sustained the demurrers and, in any event, Shtofman has not demonstrated that he was prejudiced by any error. Specifically, defendants contend that all of Shtofman's tort causes of action arose from the same conduct and alleged the same damages. Thus, because one tort cause of action—conversion—went to trial, Shtofman cannot demonstrate that he suffered any damages for which the jury did not have the opportunity to compensate him.

Defendants are correct. "Under well-established principles of California's constitutional doctrine of reversible error, an order of the lower court is *presumed correct*—that is, all intendments and presumptions are indulged to support it on matters as to which the record is silent—and the appellant must affirmatively demonstrate prejudicial error. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; *Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.) It is the appellant's burden to overcome the presumption of correctness by demonstrating, on the basis of the record presented to the court, error requiring reversal. (*Jameson*, at

7

p. 609.)"  (*Brockman v. Kaiser Foundation Hospitals* (2025) 114 Cal.App.5th 569, 588; see also *Waller v. TJD, Inc.* (1993) 12 Cal.App.4th 830, 833 ["When the trial court commits error in ruling on matters relating to pleadings, procedures, or other preliminary matters, reversal can generally be predicated thereon only if the appellant can show resulting prejudice, and the probability of a more favorable outcome, at trial"].)

Under the doctrine of reversible error, even if a trial court errs in sustaining a demurrer to some (but not all) of a plaintiff's causes of action, the error is not reversible if the plaintiff fails to demonstrate that the jury could have reached a result more favorable to him had those causes of action been tried.  For example, in *Curtis v. Twentieth Century-Fox Film Corp.* (1956) 140 Cal.App.2d 461, 464 to 465, the court found no prejudicial error in sustaining a demurrer to a cause of action because at trial a similar cause of action was resolved against the plaintiff. Similarly, in *Grell v. Laci Le Beau Corp.* (1999) 73 Cal.App.4th 1300, 1307, the court held that the premature filing of a demurrer was harmless where the subsequent grant of summary judgment on statute-of-limitations grounds would have disposed of the claims erroneously dismissed on demurrer.  And, in *Tanguilig v. Neiman Marcus Group, Inc.* (2018) 22 Cal.App.5th 313, 334, the court held that any error in sustaining a demurrer was not prejudicial where the plaintiff failed to bring her suit to trial within five years.

In the present case, although the trial court sustained Lim's demurrer to five of Shtofman's tort claims,[3] a sixth tort

---

[3]  One of Shtofman's causes of action was for constructive trust, which is a remedy, not a cause of action.  (*Shoker v.*

claim, conversion, was tried to the jury. The jury was instructed that if it found Lim liable for conversion, it could award Shtofman the following damages:

—Economic damages, including "[t]he reasonable value of Robert Shtofman's legal services prior to his termination in the *Lopez v. Choi* matter," and "[r]easonable compensation for the time and money spent by Robert Shtofman in attempting to recover the reasonable value of [his] legal services prior to his termination in the *Lopez v. Choi* matter;"

—Noneconomic damages, including "[p]ast and future mental suffering, inconvenience, grief, anxiety, humiliation, or emotional distress"; and

—Punitive damages sufficient to "punish [Lim] for the conduct that harmed [Shtofman], and to discourage similar conduct in the future."

On the basis of these instructions, the jury awarded Shtofman (1) $110,000 as the reasonable value of his legal services, (2) $50,000 as reasonable compensation for the time and money he spent attempting to recover his legal fees, (3) $50,000 in emotional distress, and (4) $8,000 as punitive damages. The trial court subsequently granted JNOV on the last three categories of damages, finding them unsupported by the trial evidence.

Each of Shtofman's six tort causes of action was alleged to arise out of the same allegedly wrongful conduct—i.e., failing to

---

*Superior Court of Alameda County* (2022) 81 Cal.App.5th 271, 278.) However, because a constructive trust is available only in connection with a tort cause of action (*ibid.*), we will refer to it as a tort claim for present purposes.

pay Shtofman the portion of Lopez's settlement to which he claimed to be due. Shtofman's claimed damages for each tort cause of action thus appear to be identical. (See Civ. Code, § 3333 [measure of tort damages "is the amount which will compensate for all the detriment proximately caused" by the tort]; *Qaadir v. Figueroa* (2021) 67 Cal.App.5th 790, 805 [same].) Because Shtofman can recover only once for each category of damages, it does not appear that, even had additional tort theories been presented to the jury, Shtofman could have recovered any additional damages. (See, e.g., *Tavaglione v. Billings* (1993) 4 Cal.4th 1150, 1158–1159 ["Regardless of the nature or number of legal theories advanced by the plaintiff, he is not entitled to more than a single recovery for each distinct item of compensable damage supported by the evidence. [Citation.] Double or duplicative recovery for the same items of damage amounts to overcompensation and is therefore prohibited"].)

Shtofman's opening brief does not identify any categories of damages that he could have recovered for breach of fiduciary duty, breach of statutory or ethical duties, fraud, constructive trust, or interference with prospective economic advantage that were not also recoverable for conversion. Further, although defendants asserted this argument in their respondents' brief, Shtofman did not file a reply brief. Accordingly, we conclude that any error in sustaining the demurrers to the third, seventh, eighth, ninth, and tenth causes of action was harmless.

## II. Shtofman has forfeited his claims of error as to the trial court's order on the motions for JNOV.

As noted above, after the conclusion of trial, both Shtofman and Lim filed motions for JNOV. The trial court denied Shtofman's motion and granted Lim's, concluding that

10

(1) Shtofman was not entitled to JNOV on his quantum meruit claim against Lopez, and (2) the jury's award of tort damages against Lim was not supported by the evidence. Shtofman challenges this order on appeal, urging that he was entitled to judgment against Lopez as a matter of law, and substantial evidence supported the jury's conversion verdict and award of punitive damages against Lim.

We conclude that Shtofman has forfeited his challenges to the trial court's order. "Under fundamental principles of appellate review, a trial court's judgment is presumed to be correct and the appellant 'has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.)" (*Blue Mountain Enterprises, LLC v. Owen* (2022) 74 Cal.App.5th 537, 557.) An adequate appellate record must include, at a minimum, "[a] record of the written documents from the superior court proceedings." (Cal. Rules of Court, rule 8.120(a)(1).)

In the present case, the clerk's transcript Shtofman designated on appeal does not include Shtofman's or Lim's motions for JNOV or the oppositions thereto. Shtofman thus has forfeited any claim of error in connection with these motions. (See, e.g., *Hernandez v. California Hospital Medical Center*, *supra*, 78 Cal.App.4th at p. 502 [appellant's failure to provide reviewing court with motion and opposition forfeited claim of error: "Without respondent's motion to strike, plaintiff's opposition, and the court's order, we cannot review the basis of the court's decision"].)

11

Additionally, California Rules of Court, rule 8.204(a)(1)(C), requires parties to an appeal to "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." The failure to do so constitutes a forfeiture of a party's appellate arguments. (E.g., *Perry v. Stuart* (2025) 111 Cal.App.5th 472, 502, fn. 21 [appellants forfeited appellate contention by failing to support it with appropriate record citations]; *Wentworth v. Regents of University of California* (2024) 105 Cal.App.5th 580, 596 [appellate courts " 'have the discretion to disregard contentions unsupported by proper page cites to the record' [citation] and will conclude that parties forfeit arguments by failing to support statements in the argument section of a brief with record citations"].) Here, Shtofman's appellate arguments addressing the motions for JNOV do not cite to any of the relevant trial testimony. Instead, Shtofman purports to "incorporate[] by reference as though fully set forth herein" a 23-page summary of the trial testimony. This court " ' "cannot be expected to search through a voluminous record to discover evidence on a point raised by [a party]." ' " (*Myers v. Trendwest Resorts, Inc.* (2009) 178 Cal.App.4th 735, 745; see also *Sarkany v. West* (2022) 82 Cal.App.5th 801, 810 ["We disregard arguments that merely purport to incorporate by reference arguments that are advanced in other appellate briefs"]; *Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 294, fn. 20 [disregarding purported incorporations by reference].) Instead, "[r]ather than scour the record unguided, we may decide that the appellant has forfeited a point urged on appeal when it is not supported by accurate citations to the record." (*WFG National Title Ins. Co. v. Wells Fargo Bank, N.A.* (2020) 51 Cal.App.5th 881, 894–895.) We

choose that course here, and deem forfeited Shtofman's challenges to the trial court's order denying Shtofman's motion for JNOV and granting Lim's.

III. **Shtofman also has forfeited his claims of error as to the trial court's order granting Lim an offset based on Shtofman's settlements with the insurer defendants.**

Shtofman's final claim of error concerns the trial court's order granting Lim's motion for an offset. Shtofman contends the trial court erred in granting an offset for a variety of reasons, including that Lim did not establish that the insurers were liable for any of Shtofman's damages, and offset is not available in connection with an intentional tort. However, as defendants note, the clerk's transcript does not include the moving papers or opposition filed in connection with Lim's motion for offset. The clerk's transcript also does not include the trial court's order granting the offset, and Shtofman has not provided the court with a reporter's transcript or other record of the hearing at which the motion for offset was granted. For all of the reasons discussed above, Shtofman therefore has forfeited his challenge to the order granting the offset. (*Blue Mountain Enterprises, LLC v. Owen*, *supra*, 74 Cal.App.5th at p. 557; *Hernandez v. California Hospital Medical Center*, *supra*, 78 Cal.App.4th at p. 502.)

13

## DISPOSITION

The judgment is affirmed.  Defendants/respondents are awarded their appellate costs.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

EGERTON, J.

HANASONO, J.

14